UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

In re:

THE COMMODORE, L.L.C.
*d/b/a*
PARC ST. CHARLES HOTEL
    Debtor.

CASE NO. 10-13912
CHAPTER 11
SECTION "B"

U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE TO CHAPTER 7
UNDER 11 U.S.C. § 1112(b)

    COMES NOW R. Michael Bolen, U.S. Trustee for Region 5 (hereinafter "UST"), and respectfully moves this Court for an order dismissing or converting this case to Chapter 7 under 11 U.S.C. § 1112(b). In support hereof, the UST respectfully states, as follows:

**JURISDICTION**

    1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b), and 28 U.S.C. § 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This motion is filed under 11 U.S.C. § 1112(b).

    2. By virtue of the Chapter 11 filing, this case is subject to the supervision and administration of the UST under 28 U.S.C. § 586. As provided under 11 U.S.C. § 307, the UST may raise, appear, and be heard on any issue in any case or proceeding.

**BACKGROUND**

    3. On October 21, 2010 an involuntary petition was filed against The Commodore, L.L.C., *d/b/a* Parc St. Charles Hotel, by Dean J. Marcades *d/b/a* Dean Mar, Decatur Hotels, LLC, Duplantier Hrapmann Hogan & Maher, LLP, and New Media Solutions, Inc.

    4. On November 15, 2010 an order for relief was entered (P-20). The order was

amended on November 22, 2010 (P-26).

5. Upon information and belief, the Debtor has a leasehold interest in property at 500 St. Charles Avenue, New Orleans, Louisiana. The Debtor mortgaged its leasehold interest and is indebted to Woodmen of the World Life Insurance Society and/or Omaha Woodmen Life Insurance Society ("Woodmen").

6. Following the filing a Petition for Executory Process and for Appointment of Keeper, on June 16, 2010, the State Court entered an order authorizing the seizure and sale of the leasehold interest and appointing a keeper, Highpointe Hospitality, Inc.

7. Woodmen sought and obtained an order relieving Highpointe Hospitality, Inc. from complying with 11 U.S.C. § 543(a), (b) and (c) and turning over property it is keeping.

8. The Debtor has not retained counsel.

9. The U.S. Trustee has scheduled a creditor meeting for January 4, 2011. The U.S. Trustee generally conducts an Initial Debtor Interview prior to the creditor meeting. No Initial Debtor Interview can be scheduled where the Debtor is not represented by counsel and the Keeper is excused from acting as trustee or debtor-in-possession.

10. The UST asserts that, under 11 U.S.C. § 1112(b), this case should be dismissed or, in the alternative, converted to a case under Chapter 7, for cause.

## LAW AND ANALYSIS

11. Section 1112(b)(1) governs conversion or dismissal of a Chapter 11 case and provides, in pertinent part, as follows:

> (b)(1). . .on request of a party in interest, and after notice and a hearing. . .the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

12. Section 1112(b) contains a list of particular conduct or circumstances that amount to

"cause." The list is not exhaustive, and the Court is free to consider other factors and use its equitable powers to reach an appropriate result. *See In re Domino*, No. 7-2829, 2008 WL 915205, at *2 (E.D.la. March 31, 2008); *In re Global Ship Sys*., LLC, 391, B.R. 193, 202 (Bankr. S.D. Ga. 2007)(A case that has not been filed in good faith can be dismissed for cause.).

A. *The Debtor, as a juridical entity, is prohibited from proceeding pro se.*

    13. At this time, the docket reflects that the debtor, an L.L.C., is unrepresented and proceeding *pro se*. All courts of record have long held that corporations and other business entities may only appear in court when represented by counsel. "The contention that a corporation may enter an appearance in proper person or through its president has been consistently rejected when raised. In a decision that upheld the dismissal of pleadings filed on behalf of a corporation by its non-lawyer president, the court stated: "the rule is well established that a corporation can appear in a court of record only by an attorney at law." *Southwest Exp. Co. Inc. v. Gulf Oil Corp.*, 670 F.2d 53 (5th Cir. 1985), *citing Flora Construction Company v. Fireman's Fund Insurance Co.*, 307 F.2d 413, 414 (10th Cir. 1962). *See also Palazzo v. Gulf Oil Corp.* 764 F.2d 1381 (11th Cir. 1985); *K.M.A., Inc.*, 652 F. 2d 398 (5th Cir. 1982); *Donovan v. Roadrangers Country Junction, Inc.* 736 F. 2d 1004 (5th Cir. 1982); *Algonac Manufacturing Company v. United States*, 458 F.2d 1373, 1375 (Ct. Cl. 1972). Unless the debtor retains counsel and counsel enters an appearance before the court, this case cannot continue.

B. *The Debtor has failed to cooperate with the U.S. Trustee.*

    14. Cause for dismissal includes the failure to timely provide information or attend meetings reasonably requested by the U.S. Trustee. 11 U.S.C. § 1112(b)(4)(H). Because the Debtor has no counsel, the U.S. Trustee has been unable to schedule an Initial Debtor Interview

and has not been provided with financial statements, proof of insurance, and tax returns typically provided to the U.S. Trustee at the time of the Initial Debtor Interview.

## CONCLUSION

15. For the reasons cited above, the UST request that this case be converted to one under Chapter 7 or, in the alternative, dismissed.

WHEREFORE, the United States Trustee prays that this Honorable Court enter an order dismissing the above-captioned case under 11 U.S.C. § 1112(b) or converting the case to Chapter 7 for the reasons cited herein. The U.S. Trustee further prays for all general and equitable relief to which justly entitled.

                                              Respectfully submitted,

                                              R. MICHAEL BOLEN
                                              United States Trustee
                                              Region 5, Judicial Districts of
                                              Louisiana and Mississippi

                                    by: *s/Carolyn S. Cole*
                                              CAROLYN S. COLE (12496)
                                              Attorney

Carolyn S. Cole
Attorney
Office of the United States Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Direct telephone no. (504) 589-2593
Facsimile no. (504) 589-4096