UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:

THE COMMODORE, L.L.C.

    Debtor

CASE NO. 10-13912

SECTION "B"

CHAPTER 11

## O R D E R

The Commodore, LLC (the "Debtor") filed a Motion Under 11 U.S.C. § 363(b) and (f) for Preliminary Order (i) Approving Bidding Procedures and Stalking Horse Bid, (ii) Prescribing Notice Requirement, and (iii) Setting Date, Time and Place for Auction Sale of Debtor's Property **[P-87]** (the "Procedures Motion"). Proper notice of the Procedures Motion was given to all creditors, other parties in interest, and the Sheriff of Orleans Parish. An objection was filed by interested party F. Patrick Quinn ("Mr. Quinn") **[P-97]**. The Court held a hearing on the Procedures Motion on June 1, 2011, with appearances noted on the record. At the hearing, Mr. Quinn's objection was withdrawn, and the Court, on June 10, 2011, entered a Preliminary Order Establishing Bid Procedures and Setting Auction **[P-109]** (the "Procedures Order"). The auction was set to take place before the Court on July 6, 2011 at 10:00 a.m. Notice of the auction was duly given to all creditors, other parties in interest, the Sheriff of Orleans Parish, and the Office of the United States Trustee, and notice was also published in the Times-Picayune, all in accordance with the terms of the Procedures Order. The Debtor moved on June 28, 2011, to file a corrected Exhibit "B" (bidding procedures) to the Procedures Motion **[P-118]**, which motion the Court granted on July 1, 2011 **[P-121]**.

On the scheduled auction date, July 6, 2011, at 10:00 a.m., the parties and/or counsel appeared, with appearances noted on the record. Julie Quinn, Esq. also appeared at the hearing

purporting to be an interested party, and asked that the auction be continued to allow Mr. Christian Cancienne (who was not then a Qualified Bidder as defined in the Procedures Order, as amended) the opportunity to bid on the property.  The Court entered an order on July 8, 2011, which continued the auction to July 20, 2011 at 2:00 p.m.

On the rescheduled auction date, July 20, 2011, at 2:00 p.m., the parties and/or counsel appeared, with appearances noted on the record.  J M Hotels, LLC, and 62 Dupre, LLC, were the only Qualified Bidders (as defined in the Procedures Order, as amended).  The Court conducted the auction, and J M Hotels, LLC (the "Buyer") was the Successful Bidder (as defined in the Procedures Order) with a high bid of $5,100,000.  62 Dupre, LLC, was the Alternative Bidder (as defined in the Procedures Order), with a bid of $5,000,000.

The Debtor, on July 20, 2011, filed a Motion for Final Order Approving Sale Pursuant to Section 363(b) and 363(f) of the Bankruptcy Code and for Order Enforcing La. Rev. Stat. 33:1428(A)(13)(E) (the "Sale Motion") **[P-127]**, which sought a final order approving the sale, pursuant to 11 U.S.C. 363(b) and 363(f) of the Bankruptcy Code, free and clear of liens, claims and encumbrances, of the Debtor's "Property," as defined in the Asset Purchase Agreement (the "APA") attached as Exhibit "A" to the Sale Motion, to J M Hotels, LLC (the "Sale"), and for an order enforcing Louisiana Revised Statute 33:1428(A)(13)(e).  Proper notice of the Sale Motion was given to all creditors, other parties in interest, the Sheriff of Orleans Parish, the Office of the United States Trustee, the relevant federal, state and/or local taxing authorities, and all members of the Commodore, LLC.

The Court, having held a hearing on the Sale Motion on August 10, 2011, with appearances noted on the record, and with no objections to the Sale Motion having been filed,

**THE COURT HEREBY FINDS THAT:**

1. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The inevitable consequence of waiting for the plan confirmation process to take its course would be liquidation, which would not be in the best interest of the Debtor, its estate or creditors.

3. The sale requested in the Sale Motion does not constitute a *sub rosa* plan and would not violate applicable precedent or the Bankruptcy Code.

4. Any delay in consummating the Sale will be detrimental to the Debtor, its estate and its creditors.

5. The bidding and auction procedures established pursuant to the Procedures Order, as amended, are fair and reasonable and have been complied with in all respects.

6. The Buyer's high auction bid of $5,100,000 for the Property is fair, reasonable and in good faith and offers the highest and best offer available to the estate and is in the best interests of the Debtor, its estate and its creditors.

7. The Buyer has been at all times and shall be a purchaser in good faith for purposes of Section 363(m) of the Bankruptcy Code.

8. For purposes of 11 U.S.C. §363(m) and §363(n), the Buyer's auction bid was an arm's length, non-collusive bid and was not the subject of or controlled by any agreement among potential bidders at the Sale.

9. In the absence of a stay pending appeal, the Buyer has been at all times and will be acting in good faith for purposes of Section 363(m) of the Bankruptcy Code in completing the Sale, and any ancillary transactions, at any time after the entry of this Order.

10. The Sale, and any transactions ancillary to it, were approved after a hearing properly and timely noticed and publicly advertised, at which reasonable opportunity was given to all interested parties to object to the relief requested and to make higher and better offers.

11. The Sheriff of Orleans Parish had good notice of the Sale Motion, which explicitly sought an order enforcing La.R.S. § 33:1428(A)(13)(e), and failed to object to it or otherwise appear in this Court to assert any rights it claims or may hereafter claim to a commission on the Sale.

**NOW THEREFORE IT IS HEREBY ORDERED THAT** the Sale Motion is granted in all respects; and the Sale is hereby approved in its entirety and is authorized under section 363 of the Bankruptcy Code and shall constitute a valid and binding agreement in accordance with its terms, and Buyer and the Debtor shall close the Sale and any ancillary transactions, within twenty (20) days of the date of this Order (such date, the "Closing Date"), unless the Debtor and Buyer agree to an extension of that time with the consent of Woodmen of the World Life Insurance Society and/or Omaha Woodmen Life Insurance Society ("WOW");

**IT IS FURTHER ORDERED** that pursuant to Sections 105(a) and 363(f) of the

Bankruptcy Code, but for the easements, servitudes, and rights of way substantially described on Exhibit "B" to the APA **[P-127-1]**, the Sale hereby is approved free and clear of all mortgages, security interests, liens, encumbrances, interests, commissions, assessments, conditional sale or other title retention agreements, pledges, judgments, demands, easements, servitudes, restrictions, costs, or charges of any kind or nature, and claims (for and as that term is defined in section 101(4) of the Bankruptcy Code) (collectively, the "Liens and Claims") asserted against the Property, and any and all Liens and Claims asserted against the same shall attach to the net proceeds, if any, of the Sale in the same priorities and amounts as currently exist, with WOW having a first priority lien and/or security interest on the Property senior and paramount to any and all other Liens and Claims;

**IT IS FURTHER ORDERED** that immediately upon the closing of the Sale by the Debtor to Buyer, Buyer shall deliver to WOW the proceeds of the Sale in the amount of $5,100,000, less the Carve Out (as defined herein below);

**IT IS FURTHER ORDERED** that the Debtor may retain $35,000 of the proceeds of the Sale as the Carve Out.

**IT IS FURTHER ORDERED** that WOW shall retain any and all moneys that the Keeper, Highpointe Hospitality, Inc. (the "Keeper") is holding on account of the Property, as of the Closing Date; provided, however, the Keeper is authorized to use such moneys to satisfy (i) the Keeper's accrued but unpaid fees and expenses existing as of the Closing Date; and (ii) the Keeper's accrued but unpaid attorneys' fees and expenses incurred in connection with the above-captioned case as of the Closing Date ((i) and (ii) together, the "Keeper Fees")), all in accordance with the Order Granting Motion to Excuse Keeper's Compliance with Bankruptcy Code Sections 543(a), (b), and (c) (the "Keeper Order"). *See* Docket No. 41. To the extent that any Keeper

Fees remain unsatisfied after the Closing Date, they will be paid by WOW and be immediately payable without further order of this Court.

**IT IS FURTHER ORDERED** that the Keeper shall not be liable for any administrative claims or other expenses incurred by Keeper in operating the Property prior to the Closing Date.

**IT IS FURTHER ORDERED** that, as of the Closing Date, the Keeper will no longer serve as the "keeper" of the Property under Louisiana Revised Statutes §§ 9:5136 *et seq.* and, as of the Closing Date, the Keeper shall be relieved and discharged from any duties and responsibilities it may have as a "keeper" under Louisiana Revised Statutes §§ 9:5136 *et seq.* and the Keeper Order.

**IT IS FURTHER ORDERED** that WOW shall not seek distribution for any unsecured claim in this case other than the proceeds of the Sale;

**IT IS FURTHER ORDERED** that, if the Buyer does not timely close on the Sale in accordance with the terms of this Order and the APA, then 62 Dupre, LLC, as the Alternative Bidder, shall have the right to purchase the Property in accordance with the Bidding Procedures, in which event all findings of fact, conclusions of law, and decretal paragraphs herein referring to "Buyer" shall fully apply to 62 Dupre, LLC;

**IT IS FURTHER ORDERED** that, except as expressly permitted by this Order, all persons and entities holding Liens and Claims with respect to the Property be and hereby are barred from asserting such Liens and Claims against the Buyer, its successors or assigns, or the Property;

**IT IS FURTHER ORDERED** that the transfer of the Property by the Debtor to the Buyer for the purchase price of $5,100,000 (i) is and will be a legal, valid and effective transfer, (ii) vests and will vest the Buyer with good title to the Property free and clear of all Liens and

Claims, other than the easements, servitudes, and rights of way identified on Exhibit "B" to the APA **[P-127-1]**, (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and nonbankruptcy law, and (iv) does not and will not subject the Buyer to any liability by reason of such transfer under the Bankruptcy Code or under the laws of the United States, any state, territory or possession thereof, or the District of Columbia, in whole or in part, directly or indirectly, or under any theory of law including, without limitation, any theory of successor or transferee liability;

**IT IS FURTHER ORDERED** that this Order is and shall be (i) effective as a determination that, upon closing, all Liens and Claims, other than the easements, servitudes, and rights of way identified on Exhibit "B" to the APA **[P-127-1]**, existing as to the Property prior to closing of the Sale have been unconditionally released, discharged and terminated, and that the conveyances and assignments authorized herein have been affected and completed, and (ii) binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, recorders of conveyances, registrants and deeds, administrative agencies, governmental departments, secretaries of state, Federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any and/or all of the Property;

**IT IS FURTHER ORDERED** that Louisiana Revised Statute 33:1428(A)(13)(e) applies to the Sale and, accordingly, the Sheriff of Orleans Parish is hereby enjoined from collecting or seeking to collect from the Debtor, the Buyer or WOW any commission on the Sale;

**IT IS FURTHER ORDERED** that the Debtor be, and hereby is, authorized and

empowered to execute, deliver, fully perform under, consummate and implement the Sale, and any such other and further agreements and closing documents as may be necessary to implement the terms of this Order and the Sale;

**IT IS FURTHER ORDERED** that the APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, upon five days prior written notice to the U.S. Trustee in a writing signed by all parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

**IT IS FURTHER ORDERED** that the Buyer shall be, and hereby is, entitled to the protection of Section 363(m) of the Bankruptcy Code as a purchaser in good faith;

**IT IS FURTHER ORDERED** that all entities who are presently, or who on or after the closing of the Sale may be, in possession of the Property, other than tenants under space leases assumed by Buyer pursuant to the terms of the APA, are hereby directed to surrender possession of the same to the Buyer immediately;

**IT IS FURTHER ORDERED** that except as expressly permitted or otherwise specifically provided by this Order or the Sale, all persons and entities, including, but not limited to, governmental, tax and regulatory authorities, trade and other creditors and past and present employees of the Debtor, holding liens, claims and interests of any kind or nature whatsoever against the Debtor or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising prior to the closing of the Sale, under or out of, in connection with or an any way relating to the Debtor or the Property, are forever enjoined from asserting against the Buyer, its successor or assigns, its assets, or the Property, such persons' or entities' liens, claims or interests;

**IT IS FURTHER ORDERED** that the Bankruptcy Court retains jurisdiction to enforce the provisions of the Sale, the Sale Motion, the Procedures Order, and this Order in all respects, including, but not limited to, the injunction provided above with respect to the Sheriff of Orleans Parish and to hear any other matters related to any claim the Sheriff may seek to assert against the Buyer, the Debtor or WOW with respect to the Property or the Sale, and to further protect the Buyer against any non-assumed liabilities or otherwise in accordance with the Sale;

**IT IS FURTHER ORDERED** that the terms and provisions of the Sale and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, the Buyer and its respective purchasers and assigns, and any affected third parties, notwithstanding any subsequent conversion of this case to a case under Chapter 7 of the Bankruptcy Code or the appointment of any trustee for the Debtor under Chapter 7 of the Bankruptcy Code, as to which trustee such terms and provisions shall be binding in all respects;

**IT IS FURTHER ORDERED** that the provisions of Bankruptcy Rule 6004(h) are hereby waived and the Debtor and the Buyer are hereby authorized to close the Sale immediately upon issuance of this Order; and

**IT IS FURTHER ORDERED** that this Order is a final order and, in accordance with Bankruptcy Rule 8002(a), the time to file a notice of appeal shall commence from the date of entry of this Order.

New Orleans, Louisiana, August 10, 2011.

*J. A. Brown*
_____
Jerry A. Brown
U.S. Bankruptcy Judge